**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

JEREMY L. KISER,

      Plaintiff,

v.                                     Case No. 2:22-cv-00026

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, *et al.*,

      Defendants.

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

      This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.     PROCEDURAL HISTORY*

      On January 12, 2022, Plaintiff, who was then incarcerated at the South Central Regional Jail ("SCRJ"), in Charleston, West Virginia, filed a Complaint, (ECF No. 2), alleging denial of appropriate medical care and other complaints about his conditions of confinement at the SCRJ. Plaintiff was subsequently transferred from the SCRJ to other correctional facilities, including the Stevens Correctional Center ("Stevens") in Welch, West Virginia.

      Following a telephonic status conference held only with the Plaintiff on December 16, 2022, while he was incarcerated at Stevens, Plaintiff was granted leave to file an amended complaint, which he filed on January 20, 2023. (ECF Nos. 31, 41). Thereafter,

Anne L. O'Hare, counsel for defendant PrimeCare Medical of West Virginia, Inc. ("PrimeCare"), entered an appearance and filed a motion for extension of time to file a response to the amended complaint on behalf of PrimeCare. However, after realizing that PrimeCare had not yet been served with the amended complaint, Ms. O'Hare subsequently filed a motion to withdraw the motion for extension of time. (ECF No. 44).

Then, on March 30, 2023, Plaintiff provided a notice of change of address indicating that he had been released from custody at Stevens and was living in a residence in Charleston, West Virginia. Plaintiff provided the residential address and a telephone number where he could allegedly be reached. (ECF No. 45). Plaintiff also filed motions seeking sanctions against PrimeCare for allegedly failing to respond to a subpoena for production of Plaintiff's medical records and for filing the above-referenced motions concerning a response to the amended complaint. (ECF Nos. 46 and 47).

On June 15, 2023, the undersigned entered an Order and Notice setting a telephonic status conference and motions hearing to address these pending motions. (ECF No. 48).[1] The June 15, 2023 Order and Notice further notified Plaintiff that the failure to participate in the telephonic hearing would result in the recommended dismissal of this civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3).

The June 15, 2023 Order and Notice was mailed to Plaintiff at the address he provided to the Court on March 30, 2023. Subsequently, two voicemail messages about the hearing were left for Plaintiff by the undersigned's staff at the phone number Plaintiff provided to the Court on March 30, 2023. Nonetheless, Plaintiff failed to appear for the

---

[1] The undersigned's Order and Notice also disposed of various other motions filed by Plaintiff on March 30, 2023, which were determined to involve allegations that do not relate back to the pleadings in this matter and would need to be the subject of a separate civil action. (ECF No. 48 at 2).

June 21, 2023 telephonic hearing and has not communicated with the court in any way concerning this matter since filing his amended complaint and motions on March 30, 2023.[2]  Thus, the undersigned went on the record and announced that he would recommend to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b), as warned in the Court's prior Order and Notice.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976).  However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).  Such is the case here.

---

[2] Ms. O'Hare appeared telephonically at the hearing as counsel for PrimeCare.  As no other defendants have been served with process or made an appearance herein, no other defense representatives were required to participate in the hearing.

Plaintiff failed to comply with the undersigned's Order and Notice by failing to appear for the June 21, 2023 telephonic status conference and motions hearing. Accordingly, the responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

## III.    FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[3]

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363

---

[3] By separate Order, the pending motions have been denied without prejudice.

4

(4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Chief Judge Johnston and the opposing parties.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit the same to counsel of record.

June 21, 2023

Dwane L. Tinsley
United States Magistrate Judge