IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEREMY L. KISER,

          Plaintiff,

v.                                                           CIVIL ACTION NO.   2:22-cv-00026

W.V. DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

**ORDER**

By standing order entered on January 4, 2016, and filed in this case on January 13, 2022, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge Tinsley filed his PF&R on June 21, 2023, recommending this Court dismiss this action for failure to prosecute because Plaintiff Jeremy L. Kiser ("Plaintiff") failed to appear for a telephonic status conference and motions hearing as required by the Magistrate Judge's Order and Notice. (ECF No. 51 at 4.)   This Order and Notice, (ECF No. 48), required Plaintiff to appear at the June 21, 2023, hearing, and further notified Plaintiff that failure to comply would result in the Magistrate Judge submitting a recommendation that this matter be dismissed.

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file

1

timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on July 10, 2023. (ECF No. 51.) To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 51), and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court further **DIRECTS** the Clerks to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 7, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE